OPINION
Defendant Jack Mayle appeals a judgment of the Municipal Court of Massillon, Stark County, Ohio, finding him guilty of theft in violation of R.C. 2913.02, after a jury found him guilty. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT ERROR
 THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
SECOND ASSIGNMENT OF ERROR
 THE STATE FAILED TO PROVE THAT THE CRIME SERVING AS THE BASIS FOR THE APPELLANT'S CONVICTION OCCURRED IN STARK COUNTY, OHIO.
THIRD ASSIGNMENT OF ERROR
 APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
FOURTH ASSIGNMENT OF ERROR
 THE APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN THE TIME PERIOD PRESCRIBED BY LAW AND SHOULD HAVE BEEN DISCHARGED.
FIFTH ASSIGNMENT OF ERROR
 OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
At trial, the State presented evidence a loss prevention officer at Food-4-Less observed appellant put several pieces of bulk candy into a plastic bag, but not secure it with a plastic clip. The Loss Prevention Officer observed appellant place his hand inside the bag and then put his hand into his pocket. At this point, the officer recorded appellant's activity with the store's surveillance cameras. The video tape showed appellant putting his hand into his grocery cart, and then into his pocket. When appellant went to the checkout, he paid for the groceries in his cart but not the candy in his pocket. The Loss Prevention Officer found an empty plastic bag in aisle five, which he believed was the bag appellant had used. The officer and another employee confronted appellant in the parking lot, and appellant first denied having the candy. Thereafter, appellant admitted he had the candy, and produced thirteen pieces from his pocket. Appellant signed certain paper work at the store, including an affidavit, a customer notice, a statement, a trespass admission, a loss incident acknowledgment, an evidence form, and a prosecution summary. The store called the Massillon Police Department, to take a report. Appellant testified in his own defense, and admitted he did in fact pick up some pieces of candy, but denied any intent to steal. Instead, appellant testified he inadvertently put the candy in his pocket because there were no bags available at the time he selected it. Appellant admitted signing all the papers at the store, but testified he could not actually read them.
 I and II
In his first assignment of error, appellant urges the State did not prove all the elements of the offense beyond a reasonable doubt. Specifically, appellant urges the State failed to prove venue, and intent, and for this reason, the evidence was legally insufficient to support his conviction. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard which the trial court applies to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, it may nevertheless be against the weight of the evidence. Weight of the evidence concerns the amount of credible evidence the trier of fact weighs in support of one side of an issue, Thompkins at 387, citations deleted. Our review of the record discloses the State offered adequate testimony regarding venue, elicited from the Loss Prevention Officer. Regarding the elements of the crime of theft, our review of the record leads us to conclude the evidence was legally sufficient to support the conviction, and the verdict was not against the manifest weight of the evidence. The State presented testimony of witnesses, the video tape, and the documents signed by the appellant. From this the jury could reasonably conclude appellant was guilty beyond a reasonable doubt. The first and second assignments of error are overruled.
 III
Next, appellant urges he was deprived of the effective assistance of counsel. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test to determine whether counsel was effective. First, the accused must show the counsel's performance was deficient, and secondly, the accused must show that counsel's performance actually prejudiced his ability to receive a fair and reliable trial. Ohio uses the Strickland test, see State v. Bradley (1989), 42 Ohio St.3d 136. Appellant suggests his trial counsel's prejudicial errors include failing to make the appropriate Crim. R. 29 motions for acquittal, failing to draw the court's attention to the deficiency of the proof of venue, and never offering any affirmative defenses. Because we found in I, supra, the evidence was legally sufficient, it follows counsel's failure to move for an acquittal was not prejudicial. A trial court only sustains a motion for acquittal if it finds the evidence is insufficient to submit to a jury, see, e.g. State v. Perkins (1994), 93 Ohio App.3d 672. If, on the other hand, reasonable minds could reach different conclusions as to whether each material element of the crime has been proven, the court should overrule the motion for acquittal and submit the matter to a jury for a final determination, see State v. Bridgeman (1978), 55 Ohio St.2d 261. We have already addressed the issue of venue in II, supra. Regarding the final argument counsel did not offer the jury an affirmative defense, our review of the record shows counsel ably argued appellant's defense. We conclude trial counsel's performance was not deficient. The third assignment of error is overruled.
 IV
Appellant urges he was deprived of his speedy trial rights, and the court should have dismissed the charges against him. Appellant was arrested on December 2, 1997, and his trial began on March 30, 1998. The State points out the record discloses the court set the matter for a pre-trial conference on December 30, 1997, but continued it on appellant's motion. On January 13, 1998, counsel executed a written time waiver on behalf of appellant, and the trial was set for March 6, 1998, ninety-four days after service of summons. On March 4, 1998, the court, with appellant's consent, permitted defense counsel to withdraw. The court continued the trial date again. R.C. 2945.71 provides in the case of a first degree misdemeanor, the defendant must be brought to trial within ninety days of his arrest or service of summons. However, pursuant to R.C. 2945.72, the time limitation may be waived. We find appellant waived his right to speedy trial, and requested continuances which delayed the start of his trial. We conclude the trial court did not violate appellant's rights to speedy trial. The fourth assignment of error is overruled.
 V
Finally, appellate counsel cites Anders v. California (1966),386 U.S. 738, and advises us the record contains other errors meriting reversal. We have reviewed the record on appeal and we find no prejudicial error therein. The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Massillon, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, V.J., concur.